UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, | ) | |
| Plaintiff, | ) | Fed. Cl. No. 04-0085 T |
| v. | ) | Judge Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

# JOINT STATUS REPORT

The Parties submit this joint status report pursuant to this Court's order of October 5, 2005.

## I. Procedural Posture

This action was filed on January 23, 2004 and amended on February 2, 2004. Fact discovery ended May 15, 2005, and expert discovery ended September 9, 2005.

The Parties met on June 8, 2005 to discuss settlement. No agreement was reached.

## II. Nature of the Case and Concise Summary of the Evidence to be Offered

Plaintiff Connecticut Yankee seeks an income tax refund for 1987-90 on account of investment tax credits it claims should have been allowed by the IRS for nuclear fuel replacements and capital projects undertaken during that period. Plaintiff is the owner and operator of a nuclear power plant the entire output of which was required to be provided to ten Northeastern electric utilities that sponsored construction of the plant. The plant is subject to licensure and other regulatory controls of the Nuclear Regulatory Commission. Distribution of the plant output is governed by the terms of written supply and service contracts (the Power Contracts).

Plaintiff will offer evidence that the fuel replacements and other capital projects were necessary to perform the Power Contracts as in effect at year-end 1985, and all were readily identifiable with the

Power Contracts by virtue of specific NRC regulations and licensure requirements that were in effect as of year-end 1985. All were placed in service before January 1, 1991.

Defendant will offer evidence that plaintiff lacks sufficient substantiation for the fuel replacements and other capital projects for which it claims investment tax credit. In addition, defendant will offer evidence that the specifications and amount of the property claimed by plaintiff are not readily identifiable from the terms of the Power Contracts or from related documents, and what documents are considered by industry practice to be related to a power contract.

**III. Issues of Law**

The relevant issues of law are:

1. Whether the Power Contracts are long-term written supply or service contracts within the meaning of the Tax Reform Act of 1986.
2. Whether NRC regulations and licensure requirements applicable to the operation of the Connecticut Yankee nuclear power plant are "related documents" to the Power Contracts, which Power Contracts expressly require operation of the plant "in accordance with good utility practice under the circumstances and all applicable law, including the applicable provisions of the Atomic Energy Act of 1954 and of any license issued thereunder."
3. Whether the nuclear fuel and other property additions were "necessary to carry out" and "readily identifiable" with the Power Contracts and related documents.
4. Whether the nuclear fuel and other property additions satisfy class life requirements of the Tax Reform Act of 1986.

The Plaintiff's legal position rests upon the language and legislative history of the Tax Reform Act of 1986.

Defendant also will rely upon the language and legislative history of the Tax Reform Act of 1986, as well as relevant case law, including, *inter alia*, United States v. Commonwealth Energy

Sys., 235 F.3d 11 (1st Cir. 2000); Bell Atl. Corp. v. United States, 224 F.3d 220 (3rd Cir. 2000); FLP Group, Inc. v. Commissioner, T.C. Memo. 2005-208; Maine Yankee Atomic Power Co. v. Commissioner, T.C. Memo. 2002-176.

## IV. Witnesses

Plaintiff intends to call as both fact and expert witnesses:

1. Thomas J. Dente, Bielefield Road, Middletown, Connecticut, 06457
2. Louis M. Balducci, Brown & Brown, 90 Canal Street, Boston, Massachusetts, 02114

Defendant may call the following fact witnesses:

a. Thomas J. Dente, Bielefield Road, Middletown, Connecticut, 06457

b. Louis M. Balducci, Brown & Brown, 90 Canal Street, Boston, Massachusetts, 02114

Defendant may call the following expert witness:

1. James P. McGaughy, 1850 Parkway Place, Suite 800, Marietta, Georgia 30067

## V. Proposed Schedule

The Parties propose the following schedule:

A. Meeting of Counsel to Exchange of Exhibits and Witness List will be held on or before January 17, 2006.

B. Pretrial Briefs

1. Plaintiff's Memorandum of Contentions of Fact and Law shall be served on or before January 31, 2006.

2. Defendant's Responsive Memorandum shall be served on or before February 28, 2006.

C. Witness Lists and Exhibit Lists

1. Plaintiff's Witness List and Exhibit List shall be served on or before January 31, 2006.

2. Defendant's Witness List and Exhibit List shall be served on or before February 28, 2006.

D. Joint Stipulations shall be served on or before March 21, 2006.

E. Final Pretrial Conference will be held on March 21, 2006.

F. Trial will commence on March 28, 2006, or sometime thereafter, at the Court's convenience. The parties believe that the trial will take two or three days.

## IV. Other Issues

The Parties have no further issues to raise with the Court at this juncture.

ROPES & GRAY LLP

By: /s/ Steven A. Kaufman

Steven A. Kaufman
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000
(617) 951-7050 (facsimile)
steven.kaufman@ropesgray.com

Counsel:

J. Steven Baughman
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
(202) 508-4600
(202) 508-4650 (facsimile)
sbaughman@ropesgray.com

A. L. Spitzer
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
Facsimile: (617) 951-7050
lorry.spitzer@ropesgray.com

Attorneys for CONNECTICUT YANKEE ATOMIC POWER COMPANY

Dated: October 14, 2005

U.S. DEPARTMENT OF JUSTICE

By: /s/ G. Robson Stewart

G. Robson Stewart
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
George.R.Stewart@usdoj.gov

Eileen J. O'Connor
Assistant Attorney General
Mildred L. Seidman
Chief, Court of Federal Claims Section
David Gustafson
Assistant Chief

/s/ David Gustafson
Of Counsel

Dated: October 14, 2005