UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, Plaintiff, | ) | |
| v. | ) | Fed. Cl. No. 04-0085 T |
| THE UNITED STATES, Defendant. | ) | Judge Francis M. Allegra |

**DEFENDANT'S MOTION TO EXCLUDE PORTIONS OF**
**THE TESTIMONY OF JAMES P. MCGAUGHY, JR.**

Plaintiff Connecticut Yankee Atomic Power Company ("Connecticut Yankee") hereby respectfully moves this Court to exclude portions of the testimony of James P. McGaughy, Jr. ("Mr. McGaughy"), whose testimony is proffered pursuant to Fed. R. Evid. 702 on behalf of Defendant, the United States of America (the "United States").

Plaintiff Connecticut Yankee seeks an income tax refund on account of investment tax credits it claims should have been allowed by the IRS for nuclear fuel replacements and capital projects undertaken during that period. The investment tax credits sought are due if certain nuclear fuel and capital projects were necessary for Connecticut Yankee to honor its contractual supply commitments and were readily ascertainable from the contract in question and from "related documents." The portions of Mr. McGaughy's report and deposition testimony sought to be excluded are those that assert criteria for determining which documents were "related documents" to the contract in question and which capital projects were "readily ascertainable" from that contract and "related documents."

These portions of Mr. McGaughy's report and testimony should be excluded on the following grounds:

1. First, Mr. McGaughy's testimony as to "related documents" attempts improperly to lay down a legal standard; applies the wrong legal standard; and for the foregoing reasons is not of assistance to the Court.

2. Mr. McGaughy's testimony as to which projects are "readily ascertainable" relies on an unarticulated and erroneous legal standard and for that reason is not of assistance to the Court.

3. The only portion of Mr. McGaughy's testimony that should be admitted into evidence is that which opines certain expenditures for nuclear fuel and capital projects were "necessary" to operate Connecticut Yankee's nuclear power plant and therefore were necessary to meets its contractual supply commitments.

In support of this motion, the Court is referred respectfully to: (1) Plaintiff's Memorandum of Law in Support of Its Motion to Exclude Portions of the Testimony of James P. McGaughy, Jr.; and (2) Declaration of Steven A. Kaufman.

WHEREFORE, Connecticut Yankee respectfully requests that this Court enter an order: excluding portions of Mr. McGaughy's testimony concerning "related documents" and "readily ascertainable or easily determined" and granting such further relief as it may deem just and equitable.

Respectfully submitted,

CONNECTICUT YANKEE ATOMIC POWER COMPANY

By its attorneys,

/s/ Steven A. Kaufman
Steven A. Kaufman
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000
(617) 951-7050 (facsimile)
steven.kaufman@ropesgray.com

Dated: October 20, 2005

Counsel:

J. Steven Baughman
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
(202) 508-4600
(202) 508-4650 (facsimile)
sbaughman@ropesgray.com

A.L. Spitzer
Levina Wong
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000
(617) 951-7050 (facsimile)
lorry.spitzer@ropesgray.com
levina.wong@ropesgray.com