## *STATUTE*

**SEC. 211. REPEAL OF REGULAR INVESTMENT TAX CREDIT.**

"(a) GENERAL RULE. Subpart E of part IV of subchapter A of chapter 1 (relating to investment tax credit) is amended by adding at the end thereof the following new section:

"SEC. 49. TERMINATION OF REGULAR PERCENTAGE.

(a) General Rule. For purposes of determining the amount of the investment tax credit determined under section 46, the regular percentage shall not apply to any property placed in service after December 31, 1985.

(b) EXCEPTIONS. Subject to the provisions of subsections (c) and (d), subsection (a) shall not apply to the following:

(1) TRANSITION PROPERTY. Property which is transition property (within the meaning of subsection (e)).

***

(e) TRANSITION PROPERTY. The term 'transition property' means any property placed in service after December 31, 1985, and to which the amendments made by section 201 of the Tax Reform Act of 1986 do not apply, except that in making such determination—

"(A) section 203(a)(1)(A) of such Act shall be applied by substituting '1985' for '1986',

"(B) sections 203(b)(1) and 204(a)(3) of such Act shall be applied by substituting 'December 31, 1985' for March 1, 1986',

"(C) in the case of transition property with a class life of less than 7 years—

"(i) section 203(b)(2) of such Act shall apply, and

"(ii) in the case of property with a class life—

"(I) of less than 5 years, the applicable date shall be July 1, 1986, and

"(II) at least 5 years, but less than 7 years, the applicable date shall be January 1, 1987, and

"(D) section 203(b)(3) shall be applied by substituting '1986' for '1987'."

## SEC. 203. EFFECTIVE DATES; GENERAL TRANSITIONAL RULES

(a) General Effective Dates.

(1) Section 201.

(A) In General. Except as provided in this section, section 204, and section 251(d), the amendments made by section 201 shall apply to property placed in service after December 31, 1986, in taxable years ending after such date.

***

(b) General Transitional Rule.

***

(2) REQUIREMENT THAT CERTAIN PROPERTY BE PLACED IN SERVICE BEFORE CERTAIN DATE.

(A) In General. Paragraph (1) and section 204(a) (other than paragraph (8) or (12) thereof) shall not apply to any property unless such property has a class life of at least 7 years and is placed in service before the applicable date determined under the following table:

| In the case of property with a class life of: | The applicable date is: |
|---|---|
| At least 7 but less than 20 years | January 1, 1989 |
| 20 years or more | January 1, 1991 |

***

(C) Class Lives. For purposes of subparagraph (A)

(i) the class life of property to which section 168(g)(3)(B) of the Internal Revenue Code of 1986 (as added by section 201) shall be the class life in effect on January 1, 1986, except that computer-based telephone central office switching equipment described in section 168(e)(3)(B)(iii) of such Code shall be treated as having a class life of 6 years,

(ii) property described in section 204(a) shall be treated as having a class life of 20 years, and

(iii) property with no class life shall be treated as having a class life of 12 years.

## SEC. 204. ADDITIONAL TRANSITIONAL RULES.

(a) Other Transitional Rules

***

(3) SUPPLY OR SERVICE CONTRACTS. The amendments made by section 201 shall not apply to any property which is readily identifiable with and necessary to carry out a written supply or service contract, or agreement to lease, which was binding on March 1, 1986.

## ***CONFERENCE COMMITTEE REPORT***

The bill provides transitional relief for certain situations where written binding contracts require the construction or acquisition of property, but the contract is not between the person who will own the property and the person who will construct or supply the property. This rule applies to written service or supply contracts and agreements to lease entered into before March 2, 1986 (January 1, 1986, in the case of the investment tax credit). An example of a case to which this rule would apply would be lease agreements under which a grantor trust is obligated to provide property under a finance lease (to the extent continued under the bill). The conferees wish to clarify that this rule applies to cable television franchise agreements embodied in whole or in part in municipal ordinances or similar enactments before March 2, 1986 (January 1, 1986, for the investment tax credit).

This transitional rule is applicable only where the specifications and amount of the property are readily ascertainable from the terms of the contract, or from related documents. A supply or service contract or agreement to lease must satisfy the requirements of a binding contract (discussed above). A change in the method or amount of compensation for services under the contract, without more, will not be considered a substantial modification of the contract if, taken as a whole, the change does not affect the scope or function of the project. This rule does not provide transitional relief to property in addition to that covered under a contract described above, which additional property is included in the same project but does not otherwise qualify for transitional relief.

## ***CONGRESSIONAL RECORD***

**Matsunaga**: I would like to ask the bill managers to clarify another point. The supply or service contract transition rule requires that the property be readily identifiable with and necessary to carry out the contract. The Committee Report explains that the specifications and the amount of the property must be readily ascertainable from the terms of the contract or from related documents.

Is this Senator's understanding correct that the requirement is met when a binding power purchase contract specifies the type of generating equipment in terms of primary energy source and specifies the amount of generating equipment in terms of total generating capacity of the turbines necessary to produce the contracted power? In other words, the rule does not require the technical details of the generating property to be spelled out.

**Packwood**: The Senator from Hawaii is correct.

**Long**: The Senator's understanding is correct.

***

**Matsunaga:** I would like to ask the distinguished managers of the bill ... to clarify the supply or service contract transition rule.... It is my understanding that the proposed depreciation and investment tax credit changes do not apply to property readily identifiable with and necessary to carry out a written supply or service contract which the parties have made legally binding by the qualification date.

The committee report explains that this transition rule covers situations where the written binding contract requires the construction or acquisition of property, but the contract is not between the person who will own the property and the person who will construct or supply the property. Is this Senator's understanding correct, that the transition rule would cover a taxpayer who entered into a written binding power sales contract by the qualification date and is required to construct or have constructed facilities that will produce the power necessary to fulfill this contractual obligation?

**Packwood**: The Senator is correct.

**Long**: The Senator is correct in his understanding.